IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE PRIMEAU and ROBERT JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF COHOES, NEW YORK; JOSEPH FAHD, individually and in his official capacity as Fire Chief for the Cohoes Fire Department; WILLIAM T. KEELER, individually and in his official capacity as Mayor of the City of Cohoes,<br><br>Defendants. | **COMPLAINT**<br><br>Civil Action No.: 1:26-cv-166 (GTS/DJS)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, George Primeau ("Lt. Primeau"), and Robert Johson ("Lt. Johnson"), Fire Lieutenants in the Cohoes Fire Department, file this Complaint against Defendants, the City of Cohoes, New York, which is a governmental subdivision organized under the laws of the State of New York ("Cohoes"); Joseph Fahd, individually and in his official capacity as Fire Chief for the Cohoes Fire Department ("CFD"); and William T. Keeler, individually and in his official capacity as Mayor of the City of Cohoes, seeking relief pursuant to the First and Fourteenth Amendments to the United States Constitution for retaliation to which they were subjected while working for the CFD, including being repeatedly passed over for promotion to the rank of Captain in the CFD.

**PRELIMINARY STATEMENT**

1. Lt. Primeau is a member of the International Association of Fire Fighters ("IAFF") and, in 2022 and 2023, was a member of the Executive Board of IAFF Local 97 ("Union" or "Local 97"), which represents fire fighters who work for the CFD. Prior to 2024 IAFF Local 97 was known as IAFF Local 2562.

2. Lt. Johnson is a member of the IAFF and, from at least 2019 to 2024 and 2025 to present, has been Vice President of IAFF Local 97.

3. Throughout their employment with CFD, Lt. Primeau and Lt. Johnson advocated for all CFD fire fighters on a variety of matters of public concern, including at meetings of Cohoes' Common Council and while canvasing members of the general public within the City of Cohoes.

4. During all times relevant to this Complaint, Defendant Fahd has been Fire Chief of CFD.

5. During all times relevant to this Complaint, William T. Keeler has served as Mayor of the City of Cohoes.

6. Throughout their respective tenures as Fire Chief of CFD and Mayor of Cohoes, Chief Fahd and Mayor Keeler deprived Lt. Primeau and Lt. Johnson of their rights under the First and Fourteenth Amendments to the United States Constitution by denying them promotions to the position of Captain in retaliation for their protected speech, associational, and petitioning activity.

7. Lt. Primeau and Lt. Johnson are filing this action to address the years of hostility to which they have been subjected by Fahd and Keeler. Lt. Primeau and Lt. Johnson also are filing this action to pursue meaningful change within the CFD and Cohoes so that members of IAFF Local 97 can continue working in Cohoes without fear of reprisal whenever they raise awareness about matters of public concern within the CFD.

8. Lt. Primeau and Lt. Johnson are seeking a declaratory judgment and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2022, 42 U.S.C. §§ 1983 and 1988. Lt. Primeau and

4907-8584-9228, v. 1

Lt. Johnson also are pursuing compensatory damages, attorneys' fees and costs, and all other relief available under 42 U.S.C. §§ 1983 and 1988.

## THE PARTIES

9. Plaintiffs Lt. Primeau and Lt. Johnson are "citizen(s) of the United States" as defined by 42 U.S.C. § 1983. Lt. Primeau resides in Cohoes. Lt. Johnson resides in Green Island, New York.

10. Defendant City of Cohoes is a municipal corporation organized pursuant to the laws of the State of New York and is incorporated under the name "City of Cohoes."

11. Defendant Cohoes is a "person" within the meaning of 42 U.S.C. § 1983, with the authority to sue and be sued.

12. Defendant Fahd has been the Fire Chief of the CFD during the period relevant to these claims. As Fire Chief, Fahd was the highest-ranking fire fighter in the CFD, and he was responsible for the management of CFD's day-to-day operations.

13. Fahd has final policymaking authority with respect to the operation of the Fire Department on behalf of the CFD

14. Defendant Keeler is the Mayor of the City of Cohoes. As Mayor, Keeler has "the authority to appoint all officers and employees of the City, except as provided with regard to the City Clerk and Commissioner of Deeds, subject to the requirements of the New York State Civil Service Law." Cohoes City Charter § C4-4.

15. Keeler has final policymaking authority regarding employment policy and employment decisions on behalf of the City of Cohoes.

4907-8584-9228, v. 1

16. At all times relevant to this civil action, Fahd and Keeler acted under color of state law and are both "person(s)" within the meaning of 42 U.S.C. § 1983, subject to liability for violations of the First and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiffs' claims arise under the laws of the United States, and Plaintiffs seek redress for violations of federal laws.

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as Defendants are located within the Northern District of New York, and all events and omissions giving rise to this action occurred within the Northern District of New York.

## FACTUAL BACKGROUND

A. **Background on Cohoes' Process for Promotions**

19. The promotional process in the Cohoes Fire Department ("CFD"), including promotion from Lieutenant to Captain, is conducted pursuant to the New York Civil Service Law, under which the CFD must notify employees of the opportunity to sit for a written promotional examination. *See generally* N.Y. Civ. Serv. Law § 50. Candidates who pass the exam and are otherwise eligible for the position are then placed on an eligibility list in rank order by exam score. The CFD uses the resulting eligibility list to fill any vacancies in the Department. Eligibility lists must be maintained for a minimum of one year but may be extended and continue to be valid for up to four years. *Id.* § 56(1).

20. Upon information and belief, Mayor Keeler makes the ultimate decision regarding the promotion of fire employees, upon the advice of Fire Chief Fahd.

**B.     Lt. Primeau and Lt. Johnson's Expression on Matters of Public Concern**

21.     In 2021 and 2022, Lt. Primeau and Johnson both served on the Executive Board of IAFF Local 97. Primeau served as the Union's Sergeant-at-Arms, and Johnson served (and continues to serve) as the Union's Vice President.

22.     Lt. Primeau and Lt. Johnson repeatedly engaged in public advocacy on behalf of Local 97 on various issues of public concern to the City, including the frequent closing of the Vliet Street fire station in the Hill neighborhood of Cohoes due to a lack of staffing and long wait-times for ambulance service resulting from the lack of dedicated advance life support services for the City.

23.     On or about October 12, 2021, representatives from Local 97, including Lt. Primeau, spoke at a public hearing conducted by the Cohoes Common Council regarding the 2022 proposed budget. During this public hearing, Lt. Primeau made a comment to the Fire Chief regarding the Department's failure to account for pay increases in its budget for overtime. Defendant Fahd would later claim that the Mayor found this comment disrespectful to the Chief and would cite this as a reason for denying Lt. Primeau a promotion to captain.

24.     In October 2021, Lt. Johnson gave an interview on a local news station in which he challenged Mayor Keeler's and Chief Fahd's representations that the Fire Department was adequately staffed.[1]

25.     To raise awareness about the problems with the frequent closure of the Hill fire station (one of only three fire stations in Cohoes) and long ambulance wait times, Lt. Johnson,

---

[1] The interview can be viewed at https://www.news10.com/news/local-news/conflict-in-cohoes-fire-department-over-new-budget/.

along other union officials, while off-duty and out of uniform, hand-delivered flyers in September 2022 to approximately 600 residents over three days in the Fourth and Fifth Wards, which were the areas of the community most impacted by these public safety issues.. The flyer explained that these issues negatively impacted public safety and the delivery of emergency services. The flyer further encouraged residents to contact the City to demand the adequate staffing of the Hill fire station and allocation of funding for adequate ambulance services. A true and accurate copy of this flyer is attached as Exhibit "A" and incorporated herein as if fully set forth.

26. Between January 2022 and November 2023, the Union also repeatedly posted about these issues on its Facebook page.

**C.     Lt. Primeau and Lt. Johnson Are Repeatedly Denied Promotions to Captain.**

27. In April 2022, the CFD announced that the promotional exam for Captain would be offered in June. Per the notice, the minimum qualification for the position was three years of service as a Lieutenant.

28. At the time, Lt. Primeau was the only CFD employee with at least three years of service as a Lieutenant eligible to apply to take the exam. The City, however, removed the notice of examination from its website.

29. Chief Fahd told Lt. Primeau that the City decided to cancel the exam because he was the only eligible candidate and the City intended to reduce the minimum qualification for Captain to one year of service as a Lieutenant for future exams.

30. In September 2022, Chief Fahd called Lt Johnson into his office and showed him a photograph he had received of Johnson handing out the public safety flyers criticizing the Department's staffing and ambulance response times. In fact, Chief Fahd had the photograph

6

selected as the wallpaper on the desktop of his computer. Chief Fahd chastised Lt. Johnson about the photo, sarcastically asking him, "and you want to make captain?"

31.     At the end of 2022, two Captains announced that they would be retiring from their positions in January 2023, creating two new vacancies for the position.

32.     Because Lt. Primeau desired the promotion to Captain, he asked a friend to put in a good word on his behalf with Mayor Keeler. The Mayor responded to the friend that Lt. Primeau would not be considered for the promotion because of what he said to the Fire Chief at a Common Council meeting in 2021.

33.     On or about January 17, 2023, Lt. Primeau spoke to Fire Chief Fahd about not being considered for the promotion to captain. Fire Chief Fahd told Lt. Primeau that the Mayor would not consider him due to how he spoke to the Fire Chief at the Common Council meeting, saying:

> Plus, the way you talk to me at the City Council meeting, I'm supposed to bend over backwards for you? At the Council meeting, you went up one side of me and down the other about whatever we were talking about being very disrespectful in a public place…. It was very disrespectful at the meeting in front of the Council last year…. He [the Mayor] brings it up to me all the time about how disrespectful you are to me.

34.     During that same 2023 conversation with Lt. Primeau, Chief Fahd also raised the flyer incident, telling Lt. Primeau that he received pictures and videos of Lt. Johnson passing out flyers critical of the Department in the community. Chief Fahd admitted to Lt. Primeau that he told Johnson, "You can't embarrass the mayor and expect to get something."

35.     On February 15, 2023, in lieu of announcing a new promotional exam, Chief Fahd provisionally appointed Lieutenants Russell Coonradt and John Marra to the vacant Captain positions. Neither Coonradt nor Marra met the three-year minimum qualification provided for on the 2022 promotional exam announcement, and despite being the only Lieutenant with at least

7

three years of experience, the City did not interview or even approach Lt. Primeau about the possibility of promotion.

36. After being passed over for the promotion to Captain, Lt. Primeau approached Chief Fahd to discuss the matter again. When Lt. Primeau asked why he was not considered for promotion, the Chief responded, "We discussed this before… you were insubordinate at a council meeting." Chief Fahd also emphasized that while John Marra is a member of the Union's executive board, unlike Lt. Primeau, Marra is "low key."

37. In March 2023, Lt. Johnson also approached Chief Fahd about obtaining a promotion. During this conversation, Chief Fahd told Johnson that he has to be loyal to him, the City, and the Mayor if he expects to be promoted. Chief Fahd told Johnson that he "couldn't go around badmouthing [him] on Facebook" and expect to be recommended for promotion, and that even if he recommended him, the Mayor would not have promoted Johnson "based on the flyers." Chief Fahd explicitly told Lt. Johnson that he should have declined to pass out the flyers and told his fellow union members that because he was seeking a promotion to captain, he should be considered part of management.  The lieutenants and captains of the CFD are members of Local 97's bargaining unit.  The terms and conditions of employment for firefighters holding the ranks of lieutenant and captain are covered by Local 97's collective bargaining agreement with the City and are not management for purposes of collective bargaining.

38. In April 2023, the CFD posted a new promotional exam notice for the captain position, this time with only one year of service as Lieutenant as the minimum qualification.

39. Lieutenants Johnson and Primeau, along with Lieutenants Marra and Coonradt, sat for and passed the exam. On the eligibility list, which was certified in October 2023, Lieutenants Johnson and Primeau were ranked third and fourth, respectively. The City

permanently appointed Lieutenants Marra and Coonradt, who were ranked first and second, to the vacant Captain positions.

40. In early 2024, the retirement of Captain Mark Dufresne created an additional vacant Captain position.

41. On or about March 14, 2024, instead of appointing either Lieutenant Johnson or Lieutenant Primeau to the vacant Captain position, the City provisionally appointed Lieutenant Brian Bullock to the newly open Captain position, despite Bullock not being on the eligibility list.

42. After being passed up for promotion again in the spring of 2024, Lt. Primeau again raised the issue with the Chief. In a conversation with Chief Fahd on March 14, 2024, immediately after the City promoted Bullock to the newly open Captain position, Chief Fahd told Lt. Primeau that the existing promotional list was not valid because there were only two names on it – his and Lt. Johnson's. When Lt. Primeau challenged this, Chief Fahd deflected, alleging that Primeau was not promoted because he "doesn't follow orders" and "only does stuff when [he's] forced to" – characterizations which Lt. Primeau has adamantly denied.

43. The same day, Lt. Primeau met with Defendant Keeler. Lt. Primeau mentioned that in conversations with Defendant Chief Fahd he points the finger at Mayor Keeler opposing a promotion for Lt. Primeau because he was insubordinate at a Common Council meeting. The Mayor responded that he is not sure why the Chief said that because he never said that. The Mayor, however, mentioned that he did not like the Union posting things on Facebook and Lt. Johnson handing out flyers. Lt. Primeau stated he did not post about union issues on his personal Facebook. Defendant Keeler responded that he had reviewed Lt. Primeau's Facebook page and seen postings related to union business that discussed the Mayor personally. Lt. Primeau

9

responded by requesting an interview with the Mayor prior to this promotion to show him why he was qualified for the promotion to Captain. The Mayor stated that he wants officers who are going to think like he does and are not going to go against what he wants to do such as protesting the closing of the Hill firehouse and claiming there wasn't sufficient safety personnel staffing.

44. On or about April 12, 2024, the CFD posted another promotional exam notice for the Captain position, with the exam scheduled for June 2024. Lieutenants Johnson and Primeau remained on the eligibility list for open Captain positions. However, rather than maintaining that eligibility list, which is valid for a minimum of one year and up to four years under the NY State Civil Service Laws, the City took the position that the list was no longer valid because it only contained two names. There is no legal requirement to invalidate a promotional list because there are only two names on it.

45. Likewise, in a conversation on April 25, 2024, Chief Fahd told Lt. Johnson that it was "the City's prerogative" to disregard a valid promotional list because it only contained two names on it. Notably, during this conversation, Lt. Johnson pointed out that around five or six years ago, the City promoted Lieutenant William Carlson to Captain when Carlson was the only candidate on the eligibility list for Captain. In response, Chief Fahd stated that it was the City's right to promote Carlson and to decline to promote Lt. Johnson. When Lt. Johnson asserted that the City did not promote him because of his advocacy on behalf of the Union, Chief Fahd responded, "Well, that didn't help you."

46. In September 2024, after it received the certified civil service promotional list, the City made Bullock's promotion to Captain official, even though Bullock was ranked third on the promotional list. The September 2024 list contained the following eligible candidates for

promotion to Captain, in order of exam score: Primeau was ranked first, Nick Erickson was ranked second, Bullock was ranked third, and Johnson was ranked fourth.

## STATEMENT OF CLAIMS

### COUNT I

42 U.S.C. § 1983 – Retaliation in Violation of Plaintiffs' Right to Free Speech
Pursuant to the First and Fourteenth Amendments to the United States Constitution
(Plaintiffs v. all Defendants)

47. Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 46, as if fully set forth herein.

48. The right of Plaintiffs Primeau and Johnson to speak freely about matters of public concern is protected by the First Amendment and Fourteenth Amendments to the United States Constitution. The public has a vital interest in free and open discussion on issues of public importance.

49. It is a violation of the First Amendment and Fourteenth Amendment of the United States Constitution for public employers, including Defendants, to discriminate against, deny promotions to, discipline, or demote its employees in retaliation for engaging as a private citizen in speech about matters of public concern.

50. Lt. Primeau and Lt. Johnson spoke in public forums, gave news interviews, handed out flyers to members of the public, and posted on Facebook regarding the frequent closing of the Vliet Street fire station in the Hill neighborhood of Cohoes due to lack of staffing and the long ambulance-service wait times resulting from the lack of a dedicated advance life support service in the City. These issues that Plaintiffs raised are matters of public concern, and Plaintiffs' right to speak out about such issues are protected by the First Amendment and Fourteenth Amendment to the U.S. Constitution.

51. Defendants denied promotions to Lt. Primeau and Lt. Johnson specifically because they spoke publicly about matters of public concern. In so doing, Defendants discriminated against and harmed Plaintiffs' careers in retaliation for their engagement in activity protected by the First and Fourteenth Amendments' guarantee of the right to free speech.

52. Such conduct by Defendants was done in a knowing, willful, wanton, reckless, and bad faith manner, which violates clearly established constitutional provisions and rights which a reasonable person would have known.

53. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Lt. Primeau and Lt. Johnson have suffered, and continue to suffer, economic injury, harm to their reputation, humiliation, embarrassment, discomfort, and other injuries and irreparable harm.

54. Under 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Thus, Defendants are fully liable to Plaintiffs for their injuries resulting from Defendants retaliating against them in violation of the First and Fourteenth Amendments.

55. Defendants are also liable for Lt. Primeau and Lt. Johnson's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

4907-8584-9228, v. 1

# COUNT II

42 U.S.C. § 1983 – Violation of Plaintiffs' Right to Freedom of Association
Pursuant to the First and Fourteenth Amendments to the United States Constitution
(Plaintiffs v. all Defendants)

56. Lt. Primeau and Lt. Johnson incorporate by reference the allegations in Paragraphs 1 through 46, as if fully set forth herein.

57. The rights of Lt. Primeau and Lt. Johnson to freely associate with a labor association of other CFD employees is protected by the First Amendment and Fourteenth Amendment of the United States Constitution. The public has a vital interest in such free association.

58. It is a violation of the First Amendment and Fourteenth Amendment of the United States Constitution for public employers, including Defendants, to discriminate against, discipline, deny promotions to, or demote their employees for exercising their rights to free association.

59. Lt. Primeau's and Lt. Johnson's right to associate with IAFF Local 97 is protected by the First and Fourteenth Amendments to the United States Constitution.

60. At all relevant times, Defendants were aware of Lt. Primeau's and Lt. Johnson's association with IAFF Local 97, the labor organization comprised of fire fighters employed by CFD. Defendants were aware of Lt. Primeau's and Lt. Johnson's association with IAFF Local 97 because Lt. Primeau and Lt. Johnson regularly participated in the activities of the labor organization and acted as spokespersons for IAFF Local 97 and its members on matters of public interest and concern, including addressing Defendant Fahd's and Keeler's failure to adequately staff the Department, frequent fire station closures, and failure to provide adequate ambulance services, which put the community of Cohoes and CFD fire fighters at risk of harm.

4907-8584-9228, v. 1

61. Defendants discriminated against, denied promotions to, and otherwise harmed the careers of Lt. Primeau and Lt. Johnson because of their association with IAFF Local 97 and their union activities on behalf of the fire fighters of CFD and the Cohoes' community.

62. By engaging in this conduct, Defendants retaliated against Lt. Primeau and Lt. Johnson in violation of the First and Fourteenth Amendments of the United States Constitution.

63. Defendants' conduct also unlawfully chills other CFD employees from being willing to engage in their constitutional right to freely associate with IAFF Local 97and from similarly engaging in union activities on behalf of IAFF Local 97 for fear of retaliation by the Defendants.

64. Such conduct by Defendants was done in a knowing, willful, wanton, reckless, and bad faith manner, which violates clearly established constitutional provisions and rights which a reasonable person would have known.

65. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Lt. Primeau and Lt. Johnson have suffered, and continue to suffer, economic injury, harm to their reputation, humiliation, embarrassment, discomfort, and other injuries and irreparable harm.

66. Under 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Thus, Defendants are fully liable to Plaintiffs for their

injuries resulting from Defendants' retaliating against them in violation of the First and Fourteenth Amendments.

67.     Defendants are also liable for Lt. Primeau and Lt. Johnson's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b)

### COUNT III

42 U.S.C. § 1983 – Violation of Plaintiffs' Right to Petition
Pursuant to the First and Fourteenth Amendments to the United States Constitution
(Plaintiffs v. all Defendants)

68.     Lt. Primeau and Lt. Johnson incorporate by reference the allegations in Paragraphs 1 through 46, as if fully set forth herein.

69.     The rights of Lt. Primeau and Lt. Johnson to petition their government for the redress of their grievances is protected by the First Amendment and Fourteenth Amendments to the United States Constitution. The public has a vital interest in providing citizens with the opportunity to freely advocate for and seek change without fear of punishment or reprisal.

70.     It is a violation of the First Amendment and Fourteenth Amendment of the United States Constitution for public employers, including Defendants, to discriminate against, discipline, deny promotions to, demote, or otherwise harm their employees in retaliation for their attempts to seek change from their elected public officials to the policies, practices, and procedures of their fire department which impact the safety of the Cohoes' community and employees of CFD.

71.     Lt. Primeau and Lt. Johnson sought changes to CFD's policies, practices, and procedures through Cohoes' elected public officials that would address the understaffing of firefighters at CFD, the frequent closing of the Hill fire station, and the failure to fund dedicated ambulance service for the residents of Cohoes.

4907-8584-9228, v. 1

72. Defendants discriminated against, denied promotions to, and otherwise harmed the careers of Lt. Primeau and Lt. Johnson for seeking changes through Cohoes' elected public officials to CFD's budgets, policies, practices, and procedures that impacted the operations of CFD and CFD's ability to protect the citizens of Cohoes.

73. By engaging in this conduct, Defendants retaliated against Lt. Primeau and Lt. Johnson in violation of the First and Fourteenth Amendments of the United States Constitution.

74. Such conduct by Defendants was done in a knowing, willful, wanton, reckless, and bad faith manner, which violates clearly established constitutional provisions and rights which a reasonable person would have known.

75. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Lt. Primeau and Lt. Johnson have suffered, and continue to suffer, economic injury, harm to their reputation, humiliation, embarrassment, discomfort, and other injuries and irreparable harm.

76. Under 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Thus, Defendants are fully liable to Plaintiffs for their injuries resulting from Defendants' retaliating against them in violation of the First and Fourteenth Amendments.

77. Defendants are also liable for Lt. Primeau's and Lt. Johnson's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

4907-8584-9228, v. 1

**REQUESTS FOR RELIEF**

Accordingly, Lt. Primeau and Lt. Johnson request that this Court enter judgment on their behalf and enter an order directing the award of other relief, as follows:

A. Declaring that Defendants unlawfully violated Lt. Primeau's and Lt. Johnson's rights and privileges secured by the First and Fourteenth Amendments to the United States Constitution;

B. Entering a permanent injunction restraining and preventing the current Cohoes Fire Chief and Mayor from continuing the discriminatory and retaliatory acts that Defendants engaged in against Lt. Primeau and Lt. Johnson; from continuing to interfere with and infringe upon Lt. Primeau's and Lt. Johnson's rights under the First and Fourteenth Amendments to the United States Constitution; and from otherwise violating their obligations under the United States Constitution with respect to Lt. Primeau and Lt. Johnson and all other persons similarly situated;

C. Ordering Defendants Cohoes, Fahd, and Keeler to promote Lt. Primeau and Lt. Johnson to the rank of Captain and to provide them with all job duties, seniority, compensation, benefits, and rights of employment that would have been available to Lt. Primeau and Lt. Johnson had they not been unlawfully denied promotion;

D. Ordering a complete and accurate accounting of all the compensation, retirement benefits, and other relief to which Lt. Primeau and Lt. Johnson are entitled;

E. Awarding Lt. Primeau and Lt. Johnson back pay, front pay, lost benefits, and other emoluments of employment and such other relief as is necessary to make them whole for the promotions denied to them;

  F. Awarding Lt. Primeau and Lt. Johnson compensatory damages for pain, humiliation, and damage to reputation;

  G. Awarding Lt. Primeau and Lt. Johnson punitive damages to redress the knowing, willful, wanton, reckless, and bad faith nature of Defendants' violation of Lt. Primeau and Lt. Johnson's Constitutional rights;

  H. Awarding Lt. Primeau and Lt. Johnson attorneys' fees and costs;

  I. Awarding Lt. Primeau and Lt. Johnson any other relief to which they are entitled and/or which this Court deems necessary and proper.

<b><u>A jury trial is demanded for all claims triable by jury.</u></b>

Dated:  February 2, 2026      Respectfully submitted,

              *s/Brian J. LaClair*
              Brian J. LaClair (Bar No. 515995)
              BLITMAN & KING LLP
              Franklin Center, Suite 300
              443 N. Franklin Street
              Syracuse, New York 13204
              315-422-7111
              bjlaclair@bklawyers.com
              *Counsel for Plaintiffs*

              Brian J. Petruska
              (*Motion Pro Hac Vice to Follow*)
              Mark Murphy
              (*Motion Pro Hac Vice to Follow*)
              MOONEY, GREEN, SAINDON, MURPHY & WELCH, P.C.
              1620 Eye St. NW, Suite 700
              Washington, DC 20006
              bpetruska@mooneygreen.com
              mmurphy@mooneygreen.com
              mwatts@mooneygreen.com
              *Counsel for Plaintiffs*